UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CHARLES LEE GALLOW** | * | CIVIL ACTION NO. 16-0245<br>Section P |
| **VERSUS** | * | JUDGE ROBERT G. JAMES |
| **D CALENDER ET AL.** | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for summary judgment, [doc. # 22], filed by defendants Warden Chris Frederick, David Calender, Captain Michael Krane, Lt. Hatten, Debbie Carrol, and Stacy Kaderka (collectively "Defendants"). The motion is unopposed. *See* doc. #23. For reasons assigned below, it is recommended that the motion be GRANTED and that Plaintiff's claims be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

## Background

On February 17, 2016, *pro se* plaintiff Charles Lee Gallow, an inmate in the custody of Caldwell Correctional Center ("CCC"),[1] filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Gallow alleges that he being denied his constitutional right to practice Islam in that CCC does not allow Muslims to have a religious service, including Jumu'ah service on Fridays. He also claims that he wrote to the CCC kitchen staff, Warden Calender, and Captain Krane about the ingredients in the corn dogs and other food they feed inmates, but has received no response. He further alleges that Lt. Hatten and Officer Frederick threw his Quran and prayer rug on Gallow's mattress and laughed at him.  Gallow brought suit against Warden Calender, Warden

---

[1] Gallow has since been released from CCC.

Frederick, Captain Grant, Captain Krane, Lt Hatten, Debbie Carrol, Stacy Kaderka, and "Ms. Pat."

On June 19, 2017, Defendants filed the instant motion for summary judgment, arguing that Gallow's claims should be dismissed without prejudice for failure to exhaust CCC's administrative grievance procedure. [doc. #22]. Any response from Gallow was due on July 10, 2017. *See* doc. #23. On July 12, 2017, Gallow called the undersigned's chambers. He informed the Court that he was no longer in prison and that he would send in his opposition to the motion for summary judgment by July 14. 2017. The Court received no opposition or further communication from Gallow. Accordingly, Defendants' motion is deemed unopposed.

## Discussion

### I.    Summary Judgment Standard

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by

pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court need consider only the cited materials, but it may consider other materials in the record." FED.R.CIV.P. 56(c)(3). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, No. 91-6197, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

**II.     Gallow Has Failed to Satisfy Administrative Remedies**

<u>1. Applicable Law</u>

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional

3

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 F. App'x. 933, 934 (5th Cir. 2009) (citing *Woodford, supra*). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, No. 08-10443, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). In addition, exhaustion applies to claims brought against defendants in their official and/or individual capacities. *See*, *e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 F. App'x. 564 (5th Cir. 2003).

The Fifth Circuit consistently has held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 F. App'x. 365 (5th Cir. 2007); *Simkins v. Bridges*, 350 F. App'x. 952, 953-54 (5th Cir. 2009); *Plaisance v. Cain*, 374 F. App'x. 560, 561 (5th Cir. 2010). Moreover, a prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. App'x. 497, 499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014). Furthermore, to the extent that

language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps. *Id.* at *3 n. 10 (and cases cited therein); *see also Hicks, supra* (inmate required to proceed to second step even though procedure said only that inmate "may appeal" if dissatisfied with first step response).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

<u>2. Gallow Failed to Exhaust His Administrative Remedies</u>

The uncontroverted evidence establishes that the CCC had a two-step Administrative Remedy Procedure ("ARP") in effect during the relevant period. Warden Callender Decl. doc. #22-3, at 1. The first step of the ARP requires a prisoner to submit a grievance form to the warden's office, where it is reviewed by the deputy warden. *Id.* If an inmate is not satisfied with the step-one response, the second step of the ARP provides that an inmate may ask for a Warden's Review of the grievance. *Id.*

In support of their motion for summary judgment, Defendants adduced evidence that Gallow never completed step two of the grievance process regarding the allegations underlying the instant suit. Warden Callender Decl. doc. #22-3, at 2. As Plaintiff did not file a response to Defendants' motion, he necessarily did not produce any evidence to controvert Defendants' showing.

Furthermore, even if Gallow's various amended complaints could constitute competent summary judgment evidence, which they cannot, *Celotex*, 477 U.S. at 326, Gallow's claim still fails because he did not plead that he satisfied step two of the ARP. In the Western District of Louisiana, prisoners filing a civil rights claim under § 1983 must file their complaint on a pre-

5

approved form. *See* doc. #1. In the pre-approved complaint, prisoners are asked: "If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result?" *Id.* at 2. To that question, Gallow responded "No answer or Respond [sic]." *Id.* As stated above, a prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond at an earlier step in the process. *See Hicks*, 370 F. App'x. at 499. Thus, all of the evidence suggests that Gallow failed to exhaust both steps of CCC's available grievance process.

The court is compelled to find that there is no genuine dispute as to any material fact and that Defendants are entitled to judgment as a matter of law dismissing Plaintiff's claims for failure to exhaust administrative remedies. FED.R.CIV.P. 56(a), (e)(3); *Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003).

### III.   "Capan Grant" and "Ms. Pat"

Defendants "Capan Grant" and "Ms. Pat" did not join in the present motion – no doubt, at minimum, because they were never served. Nonetheless, they are entitled to summary judgment on the same basis as the moving defendants. *Lewis v. Lynn*, 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001) (where defending party establishes that plaintiff has no cause of action, the defense generally inures to the benefit of a non-appearing co-defendant).[2]

### Conclusion

The plain language of the PLRA precludes any further action on plaintiff's claims until he

---

[2] The court may grant summary judgment *sua sponte* so long as the adverse party receives adequate notice and a reasonable time to respond. Fed.R.Civ.P. 56(f)(1); *Stingley v. Den Mar Inc.*, 2009 WL 2762374, *3 (5th Cir. Sept. 1, 2009) (unpubl.) (citing *inter alia*, *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir.2000)). The instant report and recommendation provides adequate notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

has fully exhausted the administrative remedy procedure.³ Dismissal without prejudice is the appropriate remedy. *See, e.g., Plaisance, supra*; *Cooper v. Quarterman*, 342 F. App'x. 12, 13 (5th Cir. 2009) (modifying dismissal for failure to exhaust to reflect that it was without prejudice).

Accordingly,

IT IS RECOMMENDED that Defendants' motion for summary judgment, [doc. # 22], be GRANTED, and that Plaintiff's claims against them, plus "Capan Grant" and "Ms. Pat" be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

---

³ *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 27th day of September 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE